**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IGNACIO HERNANDEZ UGALDE, | No. 08-74131 |
| Petitioner, | Agency No. A095-624-559 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010 [**]

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Ignacio Hernande Ugalde, a native and citizen of Mexico, petitions for

review of the decision of the Board of Immigration Appeals upholding the

immigration judge's denial of his application for cancellation of removal based on

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his failure to establish the requisite hardship to his United States citizen children, and denying his motion to remand to consider additional hardship evidence.

We lack jurisdiction to review the underlying discretionary determination that petitioner failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero-Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir. 2003). We also lack jurisdiction to review the BIA's discretionary determination that the evidence of hardship petitioner submitted with his motion to remand was insufficient to establish a prima facie case for cancellation of removal. *See Fernandez v. Gonzales*, 439 F.3d 592, 601, 603 (9th Cir. 2006).

Petitioner contends that the BIA violated his due process rights when it failed to properly evaluate the proffered new evidence of hardship, which consisted of additional evidence of his daughter's speech and language problems. Petitioner contends that the BIA should have remanded to the IJ for further consideration of his new evidence of hardship. Petitioner's contention, however, is contradicted by the record because the BIA did review the proffered evidence, and concluded that petitioner had failed to establish the requisite hardship to support his cancellation

of removal application.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**